**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIS MILLER,

        Plaintiff,

v.                                                              Case No. 3:17-cv-922-J-32JBT

LT. DAVIS, et al.,

        Defendants.

## **ORDER**

Plaintiff initiated this action on August 14, 2017, by filing a pro se Civil Rights Complaint (Doc. 1). In the Complaint, Plaintiff names as Defendants Lt. Davis, Sgt. Williams, and three John Does.

Plaintiff was previously directed to file a response within 45 days if Defendants filed a motion to dismiss. See Order (Doc. 15). Defendants Davis and Williams each filed a Motion to Dismiss (Docs. 25, 26) (Motions) on December 28, 2017. Plaintiff failed to respond or request an extension of time within which to do so. Therefore, on February 22, 2018, the Court directed Plaintiff to show cause why the claims against Defendants Davis and Williams should not be dismissed for his failure to comply with the Court's Order, and further directed Plaintiff to respond to Defendants Davis' and Williams' Motions by March 23, 2018. See Order (Doc. 27). The Court notified Plaintiff that his failure to timely comply with the Court's Order to Show Cause may result in the dismissal of Defendants Davis and Williams without further notice.

Plaintiff has not responded to the Court's Order to Show Cause, nor has he filed a response to the Defendants' Motions. Therefore, Plaintiff's claims against Defendants Davis and Williams are due to be dismissed. Because the only remaining Defendants are John Does, the entire action is due to be dismissed as well. In his Complaint, Plaintiff fails to provide descriptive information about the John Does to enable identification of them for purposes of directing service of process. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff's complaint failed to identify the specific guard allegedly involved); cf. Dean v. Barber, 951 F.2d 1210, 1215 n.6, 1216 (11th Cir. 1992) (holding the district court erred in denying a motion to join a John Doe defendant because the plaintiff's specific identification of the proposed defendant by his title—the chief deputy of the jail—was "sufficiently clear" such that service could be effectuated); see also Williams v. DeKalb Cty. Jail, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . , when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action.").

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of April, 2018.

*/s/ Timothy J. Corrigan*

TIMOTHY J. CORRIGAN

United States District Judge

Jax-6
c:
Willis Miller, #130949
Counsel of Record